**E-FILED**
Thursday, 19 March, 2009  11:29:50 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **LATIF KHAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. 06-CV-2234** |
| ) | |
| **EDWARD BLAND AND TOSHA** ) | |
| **LESHURE, their individual capacities,** ) | |
| **and HOUSING AUTHORITY OF** ) | |
| **CHAMPAIGN COUNTY, and ALPHONSO** ) | |
| **JACKSON, in his official capacity as** ) | |
| **Secretary of the U.S. DEPARTMENT OF** ) | |
| **HOUSING AND URBAN DEVELOPMENT,**) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

Following the close of the Plaintiff's case at jury trial, the trial court granted, in its entirety, Defendant's Motion for Judgment as a Matter of Law (#51) on February 4, 2009.  On February 18, 2009, this court entered a written Opinion (#55) granting judgment as a matter of law for Defendants and explaining the reasons for the judgment.  On February 25, 2009, Defendants filed a Motion for Attorneys Fees and Costs (#57).  Plaintiff filed his Objection to Defendants' Motion for Attorneys Fees and Costs and Memorandum in Opposition to the Motion for Attorneys Fees and Costs (#60) on March 16, 2008.  For the following reasons, the Defendants' Motion for Attorneys Fees and Costs (#57) is DENIED.

BACKGROUND

Plaintiff filed his Complaint (#1) in the matter on December 11, 2006.  In his Complaint,

Plaintiff alleged that he was entitled to damages from Defendants for their violation of his due

process rights under the Fourteenth Amendment and for a state claim of intimidation.  Plaintiff, a

landlord, claimed that Defendants had improperly terminated existing Section 8 Housing

Assistance Payment (HAP) contracts he had with the Housing Authority of Champaign County.

Plaintiff also alleged that Defendants had debarred him from ever doing business with the

Housing Authority's Section 8 program in the future.  Plaintiff originally named as defendants

(1) Edward Bland, Executive Director of the Housing Authority of Champaign County, (2)

Tosha LeShure, manager of the Section 8 program at the Housing Authority of Champaign

County, (3) the Housing Authority of Champaign County (hereinafter Housing Authority), and

(4) Alphonso Jackson, in his capacity as Secretary of the United States Department of Housing

and Urban Development (hereinafter HUD).  Plaintiff listed seven counts in the Complaint,

including that Defendants had violated his Due Process rights, both procedural and substantive,

under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.  He

also lodged a state law claim for intimidation against Defendants.

The case proceeded to trial in February 2009 against Defendants Bland, LeShure, and the

Housing Authority of Champaign County.  Following the close of Plaintiff's case on February 4,

2009, Defendants moved for "directed verdict" (actually judgment as a matter of law pursuant to

Federal Rule of Civil Procedure 50(a)).  The court granted Defendants' Motion (#51).  In

granting the motion with respect to Plaintiff's claim of a property interest in future or expired

Housing Assistance Payment contracts, the court utilized, primarily, two out-of-circuit cases:

Roscoe v. City of Albuquerque, 25 F.3d 1058, 1994 WL 170762 (10th Cir. 1994) and Selma

Housing Development Corporation v. Selma Housing Authority, 2005 WL 1981290 (S.D.Ala.

2005).  The court found that Plaintiff's procedural and substantive due process rights had not

been violated and that what Plaintiff was really presenting the court with was a state law claim

for breach of contract.  A written Opinion (#55) to this effect was entered on February 18, 2009.

On February 25, 2009, Defendants filed a Motion for Attorney Fees and Costs (#57),

asking for $1,508.88 in costs and $38,625.00 in attorneys' fees as the prevailing party in a 42

U.S.C. § 1983 action.  Defendants' contended that, as there was no legal basis for bringing suit

under § 1983 for due process violations, Plaintiff's claims were frivolous and without

foundation.  Defendants also stated that the issues presented to the court were not issues of first

impression requiring judicial resolution.  Defendants also noted that Plaintiff "was aware of

Defendants' legal arguments prior to commencement of the trial and pursued his claims even

though he knew they were without merit."  On March 16, 2009, Plaintiff filed his Objection to

Defendants' Motion for Attorneys Fees and Costs and Memorandum in Support of Objections

(#60).  In his Objection, Plaintiff noted that the two cases found persuasive by the court in

holding that Plaintiff had no property interest in expired or expectant Housing Assistance

Payment (HAP) contracts, Roscoe and Selma Housing Development Corp. were unpublished

decisions from the Tenth Circuit Court of Appeals and United States District Court for the

Southern District of Alabama, neither of which were binding on the courts of the Seventh Circuit

Court of Appeals.  Plaintiff noted that the court did find that he had a property interest in at least

one contract that was terminated before it expired, the contract of Eddie Jackson at 1105 West

Bradley in Champaign, Illinois.  However, the court found that Plaintiff had an adequate post-

deprivation remedy in a state court breach of contract action.

ANALYSIS

The statute governing attorney's fees in civil rights cases states:

"In any action or proceeding to enforce a provision of sections ... 1983...

of this title... the court, in its discretion, may allow the prevailing party, other than

the United States, a reasonable attorney's fee as part of the costs..."  42 U.S.C. §

1988(b).

In addressing the award of attorney's fees to a prevailing defendant in a civil rights case,

the Supreme Court of the United States has stated:

"[A] district court may in its discretion award attorney's fees to a

prevailing defendant in a Title VII case upon a finding that the plaintiff's action

was frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith."  Christianburg Garment Co. v. Equal Employment

Opportunity Commission, 434 U.S. 412, 421 (1978).

The Court has gone on to state that, with relation to § 1983,

"[t]he plaintiff's action must be meritless in the sense that it is groundless

or without foundation.  The fact that a plaintiff may ultimately lose his case is not

in itself a sufficient justification for the assessment of fees."  Hughes v. Rowe,

449 U.S. 5, 14 (1980).

Despite § 1988(b)'s specification that the award of attorney's fees is within the court's

discretion, it is clear that prevailing defendants have a much harder row to hoe than do prevailing

plaintiffs.  Roger Whitmore's Automotive Services, Inc. v. Lake County, Illinois, 424 F.3d 659,

675 (7th Cir. 2005).

In the instant case, the court cannot say that Plaintiff's case was frivolous or groundless.

The cases primarily relied upon by the court in finding that Plaintiff did not have a property interest in expired or future HAP contracts were out-of-circuit unpublished cases.  There were no prior Seventh Circuit decisions directly on point in the matter.  They were issues of first impression for the court.  Further, Plaintiff may have had a valid claim on one of the contracts, albeit likely in a state court contract action.  Defendant also criticizes Plaintiff in that he "was aware of Defendants' legal arguments prior to commencement of the trial and pursued his claims even though he knew they were without merit."  The court notes, however, that Defendants never filed a motion to dismiss or motion for summary judgment at any point in the litigation before trial.  It does not appear that much discovery, if any, was done by either side in the time between the entry of a discovery order in July 2007 and the beginning of trial in early 2009.  Although Plaintiff did lose his case, the court cannot say that his claims were frivolous or groundless so as to entitle the prevailing Defendant to attorney's fees under 42 U.S.C. § 1988(b).  See Christianburg Garment Co., 434 U.S. at 421.

IT IS THEREFORE ORDERED:

(1) That Defendants' Motion for Attorney's Fees and Costs (#57) is DENIED.

ENTERED this 19th day of March, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE